THOMPSON *v.* STATE.

(In Banc.    March 10, 1941.)

[200 So. 715.    No. 34383.]

**James O. Eastland,** of Ruleville, for appellant.

**Geo. H. Ethridge,** Assistant Attorney-General, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted and tried on a charge of murdering her husband and convicted of manslaughter and sentenced to the penitentiary for the term of ten years. From that judgment she prosecutes this appeal.

Among the instructions given for the state was the following: "The court instructs the jury for the State that if you believe from the evidence in this case beyond reasonable doubt that the defendant Louberta Thompson, at a time when she was not in any immediate danger, real or apparent, of losing her life, or suffering some great bodily harm at the hands of Emmett Thompson, armed

herself with a shotgun for the purpose of provoking a difficulty with Emmett Thompson and overcoming opposition, if necessary, and that said Louberta Thompson did then and there evoke a difficulty with Emmett Thompson and did then and there engage in such difficulty, in which the said Emmett Thompson was killed, then the defendant cannot plead self-defense."

The giving of this instruction was assigned and argued as error. It had no place in the case and was calculated to be very harmful to appellant. There was no evidence whatever that appellant provoked the difficulty. On the contrary, the evidence was without any material conflict that it was provoked by the deceased. We think it would probably be beneficial to the bench and bar of the state to remind them of what the Court said about such an instruction in Lofton v. State, 79 Miss., 723, 31 So. 420, 421: "This form of charge, declaring a defendant estopped to plead self-defense, is an exceedingly unwise one to be given. We have repeatedly condemned it, as shown by cases cited in the very able brief of counsel for appellant. It can never be proper, save in the few, very, very rare cases where the case is such, on its facts, that a charge can be given embracing all the elements—not part of them, nor nearly all of them—essential to the estoppel. The old paths are the safe paths. The juries of the country can be safely trusted to find any defendant guilty whose case is really so bad as to estop him to plead self-defense, without resort—dangerous and unwise—to the metaphysical subtleties necessarily involved in the preparation of a proper charge of that sort. Once more we repeat (hoping that 'here a little and there a little, line upon line, and precept upon precept' may at last do their work) that if prosecution will ask few and very simple charges, and trust more to the common sense and sound judgment of the juries of the country, they will expose their circuit judges to far less risk of reversal, secure just as many convictions, and have far—very far —fewer cases reversed."

Reversed and remanded.